MICHAEL FAHAY *vs.* EMERY BOARDMAN.

Waldo.    Opinion January 1, 1880.

*Belfast municipal court. Police court of the city of Belfast. Special Laws 1879, c. 180; 1850, c. 363, §§ 11, 14.*

Special Laws of 1879, c. 180, establishing the Belfast police court, by necessary implication, repealed §§ 11, 14 of c. 363 Special Laws of 1850, establishing the Belfast municipal court.

ON FACTS AGREED.

Action of trespass, and for false imprisonment, submitted upon the following agreed statement of facts :    On the eighteenth day of April, A. D. 1879, the plaintiff was arrested and held for trial upon a warrant issued· by the defendant as judge of the police court of the city of Belfast.

Said court was established by virtue of private and special laws 1850, c. 363, §§ 11, 12, 13, 14, 15. On the third day of October, 1877, the defendant was duly appointed and commissioned, by the governor of this state, as judge of said court for the term of four years ; and, on the sixth day of said October, he duly took and subscribed the oaths prescribed by the constitution of this

state and a law of the United States to qualify him to execute said trust, and thereafterwards entered upon the discharge of the duties of said office. He has received no subsequent commission, and is competent to act under that before mentioned, unless disqualified by reason of private and special laws of 1878, c. 26, and a private and special law of 1879, entitled—"An act to establish the police court of the city of Belfast, and to abolish the Belfast municipal court."

If this action can be maintained, defendant is to be defaulted, and damages are to be assessed by the court at *nisi prius* in the county where the action originated; if the action is not maintainable, judgment to be for defendant.

*Thompson & Dunton*, for the plaintiff.

*W. H. Fogler*, for the defendant, contended :

I. That the act of 1878 was an amendment to said c. 363.

II. That the act of 1879 was and is, an amendment thereto, repealing said act of 1878, which was a portion thereof, and re-enacting various provisions of said chapter. Said act of 1879 is, throughout, *in pari materia* therewith ; and the only effect of construing it otherwise than as an amendment thereto is to substitute one man for another as judge. It is not to be presumed against the defendant, or the legislature, that the legislature intended said act to be so construed in order to effect that object. Both of said acts being amendments, the defendant was, and is, *de jure* judge of the police court of the city of Belfast by virtue of his original appointment.

III. Should the court, however, construe said act of 1879 as an independent statute establishing a police court, *de novo*, said act does not, expressly or by necessary implication, take away the general jurisdiction of the original police court, which it exercises in concurrence with trial justices. The establishment of one court, having the same general jurisdiction as another, does not abolish the former court any more than the appointment of a trial justice ousts all such previously commissioned for the county for which the latter appointment was made. Even should the court entertain a supposition that the probable purpose of the legisla-

ture was to repeal *in toto* both said act of 1878 and the above cited sections of said c. 363,—courts cannot supply defective enactments by an attempt to carry out fully the purposes which may be supposed to have occasioned those enactments. *Swift* v. *Luce,* 27 Maine, 285.

Counsel also cited *State* v. *Lunt,* 6 Maine, 412. *Noble* v. *State,* 1 Greene, (Iowa) 325. Private and Special Laws 1876, c. 298. *Harrell* v. *Harrell,* 8 Fla. 46. *Holbrook* v. *Nickol,* 36 Ill. 161. *Turney* v. *Wilson,* Id. 385. *People* v. *Durick,* 20 Cal. 94. *Alexander* v. *State,* 9 Ind. 337. *Chegaray* v. *Jenkins,* 3 Sandf. (N. Y.) 409. *Hadden* v. *Collector,* 5 Wall. 107. *Flynn* v. *Abbott,* 16 Cal. 358. *State* v. *Cazean,* 8 La. Ann. 114. *Robbins* v. *Omnibus,* 32 Cal. 472. *Pratt* v. *At. & St. L. R. R.,* 42 Maine, 579. *Barnawell* v. *Threadgill,* 5 Ired. (N. C.) Eq. 86. *Morris* v. *Canal,* 4 Watts. & S. (Pa.) 461. *Tyman* v. *Walker,* 35 Cal. 634.

SYMONDS, J. On April 18, 1879, a warrant for the arrest of the present plaintiff was issued by the defendant as judge of the police court for the city of Belfast. Thereupon the plaintiff was arrested and held for trial.

This is alleged to have been an illegal assumption of authority on the part of the defendant, and a false imprisonment of the plaintiff. To recover the damages sustained thereby, the present suit is brought.

For what offense the warrant directed the arrest does not appear, and in other respects the statement of the case is incomplete. But it is apparent from the arguments that the main purpose of the proceeding, on either side, is to submit to the court in proper form the question whether the defendant was in fact and lawfully the judge of the police court at the date of said warrant, arrest and trial.

The police court was originally established by the Spec. Laws of 1850 c. 363, §§ 11-14. In October, 1877, the defendant was appointed judge of the court, received his commission for four years, took the qualifying oaths and entered upon the discharge of the duties of the office.

The first change in the organization of the court, to which

attention is directed in argument, was by Spec. Laws of 1878, c. 26, when the style of the court was changed to that of the Belfast municipal court, and a very essential modification and enlargement of its powers were introduced ; but by express provision the defendant was continued in office, as judge of the court with its new name and enlarged powers, under the commission he then held and till the expiration of the term for which he had been appointed.

The effect of this act of 1878, or the force of the objections urged on constitutional grounds to some of its provisions, it is not necessary to consider in deciding the present case.

It was repealed in 1879, and a new act,—Spec. Laws, c. 180—was passed, establishing a court of the same name as that created by the act of 1850, but with a jurisdiction larger than that court had, and less than the jurisdiction of the municipal court.

The act of 1879 expressly repealed the act of 1878, and we think by necessary implication it repealed §§ 11-14, of the act of 1850, and created a new court of which the defendant is not the judge under his commission received in 1877. It was entitled "An act to establish the police court of the city of Belfast and to abolish the Belfast municipal court." It gave the new court, which it created, concurrent jurisdiction in all cases in which the court of 1850 had had such jurisdiction, and exclusive jurisdiction where it had had the same. Precisely the same powers and more were conferred upon it. It was provided that "the court hereby established shall be the depository of all records of the police court heretofore existing in said city ;"—and also of that part of the records of the municipal court which were within the new jurisdiction conferred ;—"and shall have full power and authority to issue and renew executions, and carry into effect any judgment of, and to complete all processes and proceedings commenced in or by, said courts as aforesaid, and to certify and duly authenticate the records of said courts, as effectually in all respects as said courts heretofore existing could have done, had this act not been passed."

It would be manifestly against the intention of the legislature to hold that the act of 1879 merely modified an existing court, or

that it left the old police court in existence, after its exclusive jurisdiction and its records, with the usual powers of courts over their own records, had been transferred to a new court, to which the same concurrent powers that it former ly possessed, were also given. The former police court is in terms referre d to as a thing of the past.

The act of 1879 went into effect on April 12, 1879. The warrant was issued and arrest made on April 18, 1879.

According to the agreement of counsel, the defendant is to be defaulted and the damages are.to be assessed at *nisi prius.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.